229 A.2d 293.

TOWN OF SO. KINGSTOWN *vs.* THOMAS REELS *et al.*

MAY 8, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This bill in equity was instituted in the name of the Town of South Kingstown by its solicitor pursuant to P. L. 1950, chap. 2490, the special enabling legislation under authority of which the town adopted its zoning ordinance. The bill asks that the respondents be restrained and enjoined from using their premises which are located at 50 Amos street in a residence C district for the purpose of baling and storing papers, rags, and other like substances and that they be ordered and directed to remove any such materials therefrom. The zoning ordinance does not permit such uses in a residence C district. After a hearing before a justice of the superior court on bill, answer and proof, judgment[1] was entered granting the relief sought in part and thereupon the respondents appealed.

While respondents do not deny that they used the Amos street premises as charged in the complaint, they dispute complainant's right to relief on two grounds. First, they argue that the 1956 zoning act is incomplete and therefore void because the town council did not, as part of the enactment process, adopt a map delineating the various zones into which the ordinance purports to divide the town. Secondly, they contend that the map, even if properly adopted as a part of the ordinance, is so lacking in precision that it does not show with reasonable certainty in what zone or zones their premises lie. The difficulty with those contentions is that they ignore the factual determinations made by the trial justice. He found that the zoning

---

[1]A judgment, rather than a decree, was entered because the adoption of the new rules of civil procedure in the superior court interceded between the commencement and termination of the case.

map upon which complainant relies was adopted as an integral part of the 1956 ordinance and he also found that respondents' premises had "been placed beyond any doubt whatsoever" in a C district. In attacking those findings, respondents, under our rule, were burdened with establishing that the trial justice either misconceived or overlooked material evidence or that his findings were clearly wrong or failed to do substantial justice between the parties. They have not satisfied that burden.

The respondents' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*William H. Leslie, Jr.*, for complainant.

*Edward M. Botelle*, for respondent.